UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Travis Golden,

    Plaintiff,

    v.

Correctional Officer Hubner, *et al.*,

    Defendants.

Case No. 2:23-cv-637

Judge Michael H. Watson

Magistrate Judge Gentry

## OPINION AND ORDER

The Magistrate Judge performed an initial screen of the Amended Complaint in this case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and issued a Report and Recommendation ("R&R"). R&R, ECF No. 12. Plaintiff timely objected. Obj., ECF No. 14 (noting certificate of service date of January 6, 2025). For the below reasons, Plaintiff's objection is **SUSTAINED**.

### I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

### II. ANALYSIS

The R&R construes Plaintiff's Complaint as suing Correctional Officer Hubner and fifteen John Doe Defendants in only their personal capacities. R&R 7–8, ECF No. 12.

It further construes the Complaint as alleging facts relating to multiple, unrelated incidents, and it recommends dismissing without prejudice, for mis-joinder, all John Doe Defendants unrelated to an attack that occurred on February 16, 2021. *Id.* at 12–14. This includes a recommendation to deny Plaintiff's request to refer other judges from this Court to "disciplinary counsel" for their actions in Plaintiff's prior lawsuit, Case No. 2:22-cv-2125, and dismissing any claim Plaintiff purports to assert against judicial officers based on that lawsuit. *Id.* at 17–18. Because Correctional Officer Hubner is allegedly involved only with the February 16, 2021 attack, this mis-joinder recommendation also recommends dismissing without prejudice any claim based on any incident other than the February 16, 2021 attack.

Regarding the February 16, 2021 attack, the R&R permits Plaintiff to proceed on his 42 U.S.C. § 1983 Eighth Amendment claim against Correctional Officer Hubner and whichever John Doe Defendants were involved in that incident. *Id.* at 14–15. It recommends dismissing, however, any claims brought against those Defendants under 42 U.S.C. § 1981, 42 U.S.C. § 2000dd, or a document called "The Constitutional Rights of Prisoners." *Id.* at 15–17.

Plaintiff objects only that the docket erroneously reflects that he made no jury demand. Obj., ECF No. 14.

The civil cover sheet accompanying Plaintiff's original Complaint, ECF No. 1-2, requests a jury trial. Accordingly, Plaintiff's objection is **SUSTAINED**.

Plaintiff otherwise failed to object to the R&R, despite its warning that a failure to timely object would result in forfeiture of the right to de novo review by the Undersigned and the right to appeal the Undersigned's adoption of the R&R. Accordingly, the Court **ADOPTS** the R&R.

### III.  CONCLUSION

For the above reasons, Plaintiff's objection is **SUSTAINED**, but the Court nonetheless **ADOPTS** the R&R. As such, the Court **DISMISSES WITHOUT PREJUDICE** all John Doe Defendants and all claims based on incidents other than the February 16, 2021 attack. Moreover, and with respect to that incident, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's § 1981 claim and **DISMISSES WITH PREJUDICE** his claims based on 42 U.S.C. § 2000dd and any claim based on a document called "The Constitutional Rights of Prisoners." The Clerk is **DIRECTED** to change the docket sheet to reflect that Plaintiff demanded a jury trial in this case.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and that Plaintiff should not be permitted to appeal in forma pauperis.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**