# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS GOLDEN, | Case No. 2:23-cv-00637 |
| Plaintiff, | District Judge Michael H. Watson |
| vs. | Magistrate Judge Caroline H. Gentry |
| CORRECTIONAL OFFICER HUBNER, *et al.*, | |
| Defendants. | |

## ORDER

Currently pending before the Court is Plaintiff Golden's *pro se* motion to compel discovery from Defendant Hubner. (Doc. No. 25.) Defendant responded to the motion, and Plaintiff replied. (Doc. Nos. 28, 29.) The undersigned Magistrate Judge thereafter ordered Defendant to file a supplemental response, and he did so. (Doc. Nos. 35, 41.) The undersigned also granted Plaintiff leave to file a supplemental reply, and additional time to do so, but Plaintiff did not file a supplemental reply. (Doc. Nos. 42, 43, 44.) For the reasons discussed below, the motion to compel is **DENIED** as moot.

Plaintiff filed his motion in July 2025. (Doc. No. 25 at PageID 221.) He attached to it a "handwritten copy" of a letter he had reportedly sent to Defendant Hubner's counsel on May 15, 2025, seeking discovery. (*See* Motion to Compel, Doc. No. 25 at PageID 221; Letter, Doc. No. 25-1.) According to Plaintiff, he requested:

> (a) The identity of the remaining Sixteen Doe Defendants of this live controversy;

    (b) Any and all Exculpatory evidence of this live controversy; and

    (c) Arrange for the Plaintiff to inspect the Electronically stored video footage(s) associated with the 02/16/2021, incident(s) at issue …

(Motion to Compel, Doc. No. 25 at PageID 220.) Plaintiff asserted in his motion that Defendant's counsel never responded to his letter. (*Id.*)

In response to the motion, on July 31, 2025, Defendant Hubner provided notice:

> that he served Plaintiff his answers to Plaintiff's discovery requests and further served responsive documents to Plaintiff consisting of the Use of Force Report detailing the event that is the subject matter of this action and his medical records pertaining to the same.

(Doc. No. 28 at PageID 233.) Defendant Hubner asserted that the motion to compel was now moot. (*Id.*) Defendant also argued that the motion should be denied because Plaintiff failed to include the required meet-and-confer certification in his motion. (*Id.*) *See* Fed. R. Civ. P. 37; S.D. Ohio Civ. R. 37.1.

In Plaintiff's reply, he challenged the argument that he failed to meet and confer with Defendant's counsel—pointing to his May 15, 2025 letter requesting discovery, in which he had cited Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1 and indicated that he would participate in negotiations or mediation. (Doc. No. 29 at PageID 236; *see* Doc. No. 25-1 at PageID 222.)

Plaintiff also acknowledged in his reply that Defendant Hubner provided several reports about the incident, including multiple officers' use of force reports, a supervisor's use of force summary report, the deputy warden of operations' review of use of force report, and the ODRC's investigation summary report. (Doc. No. 29 at PageID 237, 239.) However, Plaintiff argued that it was Defendant's responsibility to identify the John Doe

Defendants and specify who acted intentionally and who acted negligently. (*Id*. at PageID 237.) Plaintiff further alleged that the reports were falsified and claimed that he could not use them to identify the John Doe Defendants. (*Id*. at PageID 237-38.) He asked the Court to compel the disclosure of "the remaining 16 Doe Defendants' identities" as well as the video surveillance footage. (*Id*. at PageID 236.)

The undersigned Magistrate Judge ordered Defendant Hubner to file a supplemental response to the motion to compel that addressed the video surveillance footage:

> Defendant shall provide evidence to show whether the video footage requested by Plaintiff (*see* Doc. No. 25-1 at PageID 223) exists or existed; whether it was turned over to Plaintiff and/or whether Plaintiff was permitted to view it; and, if not, the reason(s) it was not turned over and/or Plaintiff was not permitted to view it.

(Doc. No. 35.)

In the supplemental response, Defendant's counsel apologized and acknowledged that the video footage existed but initially had not been shown to Plaintiff. (Doc. No. 41 at PageID 434-45.) "Once this error was realized," counsel stated, he "caused the video to be delivered to prison officials at Ross Correctional Institution for the purpose of allowing the video to be shown to Plaintiff." (*Id*.) "The video footage was shown to Plaintiff on November 3, 2025, as demonstrated in the attached 'Verification of Opportunity to Review Video Footage.'" (*Id*.) Plaintiff, however, "refused to sign the verification page stating that the video footage was altered." (*Id*.; *see also* "VERIFICATION OF OPPORTUNITY TO REVIEW VIDEO FOOTAGE," Doc. No. 41

3

at PageID 437 [including the note "Refused (Tapes Altered)" on Plaintiff's signature line].) A Unit Manager at Ross Correctional Institution signed the form as a witness. (*Id*.)

The undersigned offered Plaintiff the opportunity to further reply to Defendant Hubner's supplemental response and granted his request for additional time to do so. (Doc. Nos. 42, 43, 44.) The undersigned also directed Plaintiff to indicate in any supplemental reply whether his motion to compel was now moot. (Doc. No. 42 at PageID 438.) Plaintiff did not file a supplemental reply, and his time to do so has expired. (*See* Doc. No. 44 [extending the due date to December 19, 2025].)

The undersigned concludes that Plaintiff's motion to compel discovery is moot. (Doc. No. 25.) While Plaintiff initially sought an order compelling all the items he requested in his May 15, 2025 letter (*see* Doc. Nos. 25, 25-1), he later acknowledged that he had received discovery materials (including several reports and medical records) from Defendant Hubner. (*See* Doc. No. 29 at PageID 237.) He believed the reports were not accurate, but agreed that Defendant's counsel had provided them. (*Id*.) This part of his motion to compel is moot.

In his reply, Plaintiff identified two pieces of information that he still needed from Defendant Hubner: (1) the video surveillance footage of the incident described in the complaint, and (2) the "identities" of the remaining John Doe Defendants who allegedly participated in the incident with Defendant Hubner. (Doc. No. 29 at PageID 236.) Plaintiff argued that the video footage was needed to confirm the John Does' identities, among other things. (*Id*. at PageID 237-38.)

The evidence currently before the Court reflects that Plaintiff viewed, or had the opportunity to view, the video surveillance footage on November 3, 2025. (*See* Doc. No. 41.) This part of the motion to compel is also moot.

The final issue concerns Plaintiff's request for the "identities" of the John Doe Defendants he named in the Amended Complaint. In late 2024, the undersigned liberally construed Plaintiff's Amended Complaint as naming several John Does as defendants. (Amended Complaint, Doc. No. 11; Report and Recommendation, Doc. No. 12 at PageID 166-67.) Plaintiff was directed to identify and serve them by March 27, 2025, which marked the 90-day deadline set forth in Fed. R. Civ. P. 4(m). (*See* Order Concerning "John Doe" Defendants, Doc. No. 21.) As noted above, Plaintiff sought discovery from Defendant Hubner on May 15, 2025. (*See* Doc. No. 25-1.) Defendant Hubner provided discovery to Plaintiff on or before July 31, 2025. (*See* Doc. No. 28.) This included several reports, including (according to Plaintiff) "multiple Officers' Use of force Reports." (*See* Doc. No. 29 at PageID 237.)

Plaintiff does not allege that the reports he received were redacted or illegible, or that he cannot identify the individuals who authored them. (*See, e.g.,* Doc. No. 29.) He instead argues that the reports are "falsified." (*Id*. at PageID 237.) He objects that "every single officers report consisted of an entire scenario, which DID NOT occur at all." (*Id*. [as in original].) He explains:

> every single officer alleges that when he/she arrived the Plaintiff was already on the ground resisting several officers, which in and of itself can not be true – because somebody had to be the first responder (thus the[re] were not several officers already there). Equally, if not more importantly,

5

> none of the officers admit to striking the Plaintiff in his face, however, the Medical Exams purport the Plaintiff's left eye and lip were injured…

(Doc. No. 29 at PageID 237.) Because the reports are falsified, Plaintiff reasons, he "cannot utilize them to comply with this Court's ORDER to identify the remaining Doe Defendants." (*Id*. at PageID 238.) Plaintiff further reasoned that the Court must compel disclosure of the video footage to resolve the issue, "which will provide a credible record from which" the truth can be discerned. (*Id*. at PageID 238; *see also id*. at PageID 237 [asserting that the video footage is necessary to determine who injured Plaintiff's face].)

The undersigned concludes that Plaintiff's request for the "identities" of the John Doe Defendants—the correctional officers who were also involved in the incident underlying Plaintiff's claims—has been mooted by the production of the reports and the video footage. Plaintiff asked Defendant Hubner to: "Please disclose the identity of the remaining "Sixteen" Defendant Doe(s) involved in the 02/16/2021, incident in question (02/16/2021)[.]" (Doc. No. 25-1 at PageID 222.) The undersigned construes this request as an interrogatory under Rule 33. The Court was not provided with Defendant Hubner's response to this request and does not know if or how he objected or answered. However, Rule 33 permits parties, in some circumstances, to answer interrogatories by producing business records that contain the requested information. *See* Fed. R. Civ. P. 33(d); *Malone v. City of Memphis*, No. 18-cv-2201, 2020 U.S. Dist. LEXIS 13870, at *7 (W.D. Tenn. Jan. 28, 2020) ("In certain circumstances, Rule 33(d) gives a party an option to produce business records in lieu of giving a written answer to an interrogatory.").

6

Because Plaintiff can identify the other officers from the information that was produced, this part of Plaintiff's motion to compel is also moot.

For all these reasons, Plaintiff's motion to compel discovery is **DENIED** as moot. (Doc. No. 25.)

**IT IS SO ORDERED.**

    *s/ Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE